# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

**GWENDOLYN MCNEIL**
**P.O. Box 538**
**Arlington, VA 22216,**

        **Plaintiff,**

   **v.**

**WALMART,**

        **Defendant.**

**Civil Action No. _____**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Walmart ("Defendant"), by and through its undersigned counsel, files this Notice of Removal of the above-captioned matter from the Circuit Court for Fairfax County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division. As grounds for removal, Defendant states as follows:

1.      On or about February 17, 2026, Plaintiff Gwendolyn McNeil ("Plaintiff") filed a Complaint with the Circuit Court for Fairfax County, entitled *Gwendolyn McNeil v. Walmart*, Case Number CL-2026-0002759.

2.      On February 24, 2026, a copy of Plaintiff's Summons and Complaint was hand-delivered to the Walmart store where Plaintiff formerly worked and accepted by a non-managerial employee. Accordingly, Walmart reserves the right to dispute that it has been properly served with Plaintiff's Summons and Complaint.

3.      The Summons and Complaint constitute all proceedings, pleadings and orders filed in this action as of this date and are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

4.      Walmart is the only defendant named in this action. No other party is required to consent to removal of this action to the United States District Court for the Eastern District of Virginia. 28 U.S.C. § 1446(b)(2)(A).

5.      This Notice of Removal is being filed within 30 days after Defendant received copies of Plaintiff's Summons and Complaint. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a).

6.      This Court has federal question jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 because it pleads claims that "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Specifically, Plaintiff pursues claims for discrimination based on "age, ethnicity and gender" as well as "sexual[] harass[ment]" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). *See* **Exhibit A**, Complaint, at p. 1, ¶ 2. [1]

7.      Moreover, this Court has supplemental jurisdiction over Plaintiff's state law claims in the Complaint (and thus has jurisdiction over the entire Complaint), pursuant to 28 U.S.C. § 1367, because Plaintiff alleges claims under the Virginia Whistleblower Protection Law, VA. CODE § 40.1-27.3 and the Virginia Human Rights Act, VA. CODE §§ 2.2-3900 *et seq.*, which claims are "so related to claims in the action within such original jurisdiction [*i.e.*, the Title VII claims discussed above] that they form part of the same case or controversy" between the parties.  28 U.S.C. § 1367(a).

---

[1] Even if Plaintiff more appropriately pursued her age discrimination claim under the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, federal question jurisdiction would still attach. *See* 28 U.S.C. § 1331.

8. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Defendant may remove this case under 28 U.S.C. § 1441.

9. Under 28 U.S.C. §§ 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because the United District Court for the Eastern District of Virginia, Alexandria Division is the federal district court and division which includes the Circuit Court for the County of Fairfax, Virginia, this Court is the appropriate venue for removal. 28 U.S.C. § 127(a).

10. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the Fairfax County Circuit Court and served upon Plaintiff. A copy of the Notice of Filing Notice of Removal is attached as **Exhibit B**.

11. The required filing fee and an executed civil cover sheet accompany this Notice.

WHEREFORE, having fulfilled all statutory requirements, Defendant respectfully requests that the Clerk of the Court note this action has been removed from the Circuit Court for Fairfax County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division, and that all proceedings hereafter shall take place in the United States District Court for the Eastern District of Virginia, Alexandria Division.

Dated:  March 26, 2026                              Respectfully submitted,


                                                    */s/ G. Bethany Ingle*
                                                    G. Bethany Ingle (VSB No. 78622)
                                                    Ashley D.N. Jones (VSB No. 94347)
                                                    LITTLER MENDELSON, P.C.
                                                    1800 Tysons Boulevard
                                                    Suite 500
                                                    Tysons Corner, Virginia 22102
                                                    Telephone:    703.442.8425
                                                    Facsimile:    703.442.8428
                                                    gingle@littler.com
                                                    adjones@littler.com

                                                    *Counsel for Defendant Walmart*

4

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this 26th day of March 2026, a true and correct copy of the foregoing Notice of Removal was served by first-class U.S. Mail, postage prepaid upon the following:

Gwendolyn McNeil
P.O. Box 538
Arlington, VA 22216

*Plaintiff, pro se*

/s/ G. Bethany Ingle
G. Bethany Ingle